IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSHUA PALMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:20-CV-4866-TWT |
| | ) | |
| ILG TECHNOLOGIES, LLC, d/b/a | ) | |
| ILG INFORMATION TECHNOLOGIES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant ILG Technologies, LLC seeks entry of summary judgment on Plaintiff Palmer's two remaining claims. Based on the uncontested facts, those claims fail as a matter of law.

## I.    PLAINTIFF'S REMAINING CLAIMS

This case is one of eight virtually identical cases in this Court arising out of an incident in which a number of applicants who sat for either the July 2015 or the February 2016 Georgia bar exam were incorrectly informed that they had

1

SGR/25231968.2

failed the exam. In September 2016, those applicants were informed that, in fact, they had passed.

Plaintiff alleges that he took the Georgia bar exam in July 2015. (Doc. 1-5 ¶ 6). In October of 2015, he was notified that he had failed that bar exam. *Id.* ¶ 7. Then, in September 2016, Plaintiff was notified that he had, in fact, passed the July 2015 Georgia bar exam. *Id*. ¶ 9.

Plaintiff also alleges that ILG "contracted with the Office of Bar Admissions and the Georgia Board of Bar Examiners to provide software and support in administering computer-based testing, and to provide reporting and analytical services." *Id*. ¶ 12. *See* Declaration of Baris Misman (Exhibit A hereto) ¶ 7 and Attachment 1 thereto. The OBA and the Board utilized software developed by ILG to scale raw scores for the essay portions of the July 2015 bar exam. (Doc. 1-5 ¶ 20); Exhibit A ¶¶ 4, 12.

According to Plaintiff, "[a]n error in the process designed by Defendant and used to rescale the essay portions of the July 2015 Bar Exam and to send corresponding pass or fail letters caused the Office of Bar Admissions and the Georgia Board of Bar Examiners to report falsely that Plaintiff had failed to achieve a passing grade on this exam." (Doc. 1-5 ¶ 21). Plaintiff also alleges that "the software at issue was not merchantable or reasonably suited to the use

2

intended, in that its sole purpose was to grade, scale, and report bar exam scores accurately, and it failed to do that." *Id*. ¶ 46.

This Court previously granted a motion to dismiss several of Plaintiff's claims. (Doc. 22). His remaining claims are (1) a negligent misrepresentation claim, (2) a negligence claim under Restatement Section 324A, (3) a strict product liability claim, and (4) a claim for attorney's fees under O.C.G.A. § 13-6-11.

The following key facts are not in dispute.

**1.    ILG made no representation directly to any Plaintiff about his or her bar exam score or the grading of the exam**

ILG made no representation to any Plaintiff about the bar exam scores or the grading of their exams. Exhibit A ¶ 21. Each Plaintiff has testified that he or she received no communications from ILG.[1] *Id.* ¶ 20. In fact, they were unaware of the existence of ILG until after the grading problem was revealed and

---

[1] Deposition of Eric Heath ("Heath Dep.") (Exhibit B hereto) at 22:12-17; Deposition of Jeffrey McAdams ("McAdams Dep.") (Exhibit C hereto) at 19:4-9; Deposition of Kiran Chaitram ("Chaitram Dep.") (Exhibit D hereto) at 12:3-5, 27:4-9; Deposition of Woroma Ejiowhor ("Ejiowhor Dep.") (Exhibit E hereto) at 8:12-14, 11:12-15, 19:12-15; Deposition of Joshua Palmer ("Palmer Dep.") (Exhibit F hereto) at 10:23-25, 19:15-18; Deposition of Olivia Mooney ("Mooney Dep.") (Exhibit G hereto) at 7:14-16, 11:2-4, 16:11-15; Deposition of JB Hilliard ("Hilliard Dep.") (Exhibit H hereto) at 10:21-25; Deposition of Terrell Thomas ("Thomas Dep.") (Exhibit I hereto) at 13:25-14:3

3

corrected.[2] The communications each Plaintiff received about bar exam grades, including the notice that each had failed an exam, came from the OBA through a "portal" maintained by the OBA to communicate with bar applicants.[3]  The notice that each Plaintiff had failed did not mention ILG. Exhibit B, Exh. 1 thereto.

### 2. ILG did not calculate bar exam scores or perform data entry related to the 2015 or 2016 Georgia bar exams

ILG did not perform any data entry related to the bar exams at issue and did not itself calculate any exam scores.  Exhibit A. ¶ 17. The Board of Examiners graded the essay exams. Rules Governing Admission to Practice Law, Part B, Section 8(b) (Exhibit O hereto at 17). OBA then processed the raw scores using the software provided by ILG. Exhibit A ¶ 17. The contract between ILG and OBA makes clear that ILG merely provides software to OBA and supports the software. Exhibit A, Attachment 1 thereto, at 3 § 1.1(a) ("ILG promises to

---

[2] Exhibit B at 9:9-10-1; Exhibit C. at 9:22-10:8; Exhibit D at 11:23-12:2, 20:10-18, 26:24-27:3; Exhibit E at 8:8-11; 11:5-11; Exhibit F at 10:20-22, 19:12-14; Exhibit G at 10:20-11:1; Exhibit H at 10:14-20; Exhibit I at 13:22-24.

[3] Exhibit B at 8-9 and Exh. 1; Exhibit C at 7:1-8:10, 21:6-22:3 and Exhs. 1, 5; Exhibit D at 9:21-10:21, 18:7-19:5 and Exhs. 1, 6; Exhibit E at 6:20-7:19, 9:17-10:8 and Exhs. 1, 11, 12; Exhibit F 8:8-10:9 and Exhs. 1, 8; Exhibit G at 6:24-7:3 and Exh. 15; Exhibit H at 8:20-9:1 and Exh. 20; Exhibit I at 6:14-7:14, 11:15-12:9 and Exh. 1.

SGR/25231968.2

provide, and OBA promises to pay for, a complete, customized, turn-key system of enterprise software for digitizing and electronically administering the entire bar admission process….") and at 6 § 1.9 (Support and Maintenance). That the software was a "turn-key system" demonstrates that ILG was not performing any of the work needed to generate exam scores.

## II.     ARGUMENT AND CITATION OF AUTHORITY

### A.     The Motion for Summary Judgment Standard

Summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law." *FindWhat Investor Group v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011) (internal quotation omitted). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

### B.     Plaintiff's Claim for Negligent Misrepresentation Fails As a Matter of Law

Plaintiff's negligent misrepresentation claim has three elements:

> Under Georgia law, the essential elements of the tort of negligent misrepresentation are: (1) the defendant's negligent supply of false information to foreseeable persons, which included the plaintiff; (2) the plaintiff's reasonable reliance upon that false

5

SGR/25231968.2

> information; and (3) an injury proximately resulting
> from such reliance.

*Foothills Pharmacies, Inc. v. Powers*, 313 Ga. App. 630, 631, 722 S.E.2d 331, 332

(2012). Plaintiff's negligent misrepresentation claim fails for three reasons: 1)

Plaintiff cannot establish ILG's negligence; 2) ILG made no misrepresentation to

Plaintiff; and 3) Plaintiff did not rely upon any false information supplied by

ILG.

### 1.   <u>Plaintiff Cannot Establish ILG's Negligence</u>

All of Plaintiff's negligence claims require that ILG perform a negligent

act.  ILG did not calculate bar exam scores or communicate scores to applicants.

Rather, it did nothing more than provide software to the Office of Bar

Admissions.  A negligent representation claim cannot exist if ILG neither made

the representation nor created the content of the alleged erroneous

representation.  But, if a negligence claim can be based on an alleged negligent

design of the software supplied to OBA to generate an exam score, that claim

fails.

6

      **a.**    **If the Court excludes the opinions of Plaintiff's experts, Plaintiff's negligence claims fails as a matter of law**

A party must present expert opinion testimony addressing an issue when that issue is beyond the understanding of the average juror. Fed. R. Evid. 702. In product liability cases, proof that negligence or a defect caused the injury at issue requires reliable expert testimony unless the alleged defect is a "simple" defect that does not involve a complicated or technical subject beyond the understanding of a reasonable juror. *See Bailey v. Monaco Coach Corp.*, 350 F. Supp. 2d 1036, 1045 (N.D. Ga. 2004), *aff'd*, 168 Fed. Appx. 893 (11th Cir. 2006) ("the proper functioning of a motorhome brake system is not within the reasonable purview of the average layperson and, therefore, requires expert testimony"). In multiple contexts, Georgia courts have concluded that a product failure alone does not establish a defect. *See Meade v Ford Motor Co.,* 2011 WL 4402539, *2 (N.D. Ga. Sept. 20, 2011); *Jenkins v. General Motors Corp.*, 240 Ga. App. 636, 637, 524 S.E.2d 324, 325 (1999) (brake failure does not prove existence of brake defect).

The alleged defective design and operation of software is not a "simple" matter. Determining if the ILG software contained a defect and produced the grading error or generated an erroneous failure notice requires an understanding of computer systems and programming. Average jurors may use software on a

7

daily basis, but they do not diagnose the causes of software malfunctions. Without expert testimony, a jury in this case could not conclude that a defect in the software provided to the OBA caused the erroneous calculation of Plaintiff's bar exam grades.

The former Chairman of the Georgia Board of Bar Examiners testified about the investigation in the summer of 2016 of the bar exam grading matter at issue, and he offered several possible causes for the error.

> We spent a month studying this issue, maybe not a month but at least a few weeks looking into the issue, and there was no clear conclusion. They tried to recreate the wheel and see what didn't work right, and there was no conclusion reached. Periodically during that time period it appeared that it might be an entry problem, it might be a calculation problem, or it might be a computer code problem. But to this day I cannot tell you.

Deposition of John Sammon (excerpts attached as Exhibit J) at 33:22-34:5.[4] The possibility of a hardware failure also exists. Without expert testimony, a jury would have no basis on which to conclude that a defect or design error existed in the software and that such was the cause of the grading error at issue. If the Court excludes the opinion testimony of Plaintiff's proposed experts, Plaintiff's claims fail for want of proof of two essential elements.

---

[4] The parties have agreed that the discovery in the *Murray* case can be used in these cases. (Doc. 24).

SGR/25231968.2

b. **Even if Plaintiff can use the opinions of his experts, those opinions would not create a genuine issue of fact on the issue of whether ILG's negligence caused plaintiffs' alleged injuries**

Even if Plaintiff could offer the opinions of Ms. Collum and Mr. Reilley, those opinions would not create a genuine issue of fact as to whether ILG created a software defect or made a design error that caused the grading error or caused the generation of incorrect failure notifications. "In product liability cases, proof of causation generally requires reliable expert testimony which is based, at the least, on the determination that there was a reasonable probability that the negligence caused the injury." *Wheeler v. Novartis Pharm. Corp.*, 944 F. Supp. 2d 1344, 1352 (S.D. Ga. 2013) (internal quotation omitted). If Plaintiff's proposed expert testimony does not adequately address causation, it is insufficient.

Mr. Reilley never opines that a defect or error in the software caused the grading error. His expert report never even mentions causation. (Exhibit K at 1). He opines about alleged errors in the process of documenting the creation and testing of the software, but not about actual defects in the software. (*Id.*). He has never inspected the software or the OBA's computers, or seen the software work. (Reilley Dep. (excerpt in Exhibit L hereto) at 53:20-25). His opinions do not touch upon and analyze alternative causes of the grading error. Therefore, his opinions fail to create a jury issue on the essential element of causation.

Ms. Collum's opinions address the lack of a "fail safe" in the software that she contends would have prevented certain steps in the grade calculation process from being performed in the wrong order. However, accepting that testimony on its face, it fails to establish that a defect or design error in the software caused the miscalculation of Plaintiff's exam grades. She never inspected the OBA's computers and saw how the software functions. (Collum Dep. (excerpts in Exhibit M hereto) at 51:17-24). She does not address whether a hardware error or a data entry error caused the grading error. (Exhibit N at 1). She offers a proposed solution for one possible cause of the problem, but she does not offer an opinion about which of the many possibilities was the cause of the problem.

"Courts have insisted time and time again that an expert may not give opinion testimony to a jury regarding specific causation if the expert has not engaged in the process of differential diagnosis – that is, the process of eliminating other possible diagnoses." *McGee v. Evenflo Co., Inc.,* 2003 WL 23350439, at *10 (M.D. Ga. Dec. 11, 2003), *aff'd*, 143 Fed. Appx. 299 (11th Cir. 2005). Even if admissible, Ms. Collum's opinions cannot create a jury issue on negligence because they do not address and exclude other possible causes of the grade calculation error at issue.

SGR/25231968.2

## 2.    ILG Made No Misrepresentation to Plaintiff

An essential element of the claim of negligent misrepresentation is that the defendant make "an affirmative misrepresentation." *Prince Heaton Enters., Inc. v. Buffalo's Franchise Concepts, Inc.*, 117 F.Supp.2d 1357, 1360-61 (N.D. Ga. 2000). But, ILG made no misrepresentation to Plaintiff.

Plaintiff pleads a "representation that his bar exam score was being accurately scored and reported." (Doc. 1-5 ¶ 40). He does not plead who made such a representation. And, ILG made no such representation.

Each Plaintiff testified that ILG made no such representation.[5] As is noted above, ILG never communicated with any Plaintiff. Exhibit A ¶¶ 18-20. No Plaintiff had even heard of ILG prior to the time the bar exam grading error was discovered and rectified in September 2016. *Supra*, p. 4, n. 2.

The only specific alleged misrepresentation pled by Plaintiff was the representation that he had failed the July 2015 bar exam. (Doc. 1-5 ¶ 7). But, that representation (the score) came to Plaintiff from the Office of Bar Admissions,

---

[5] Exhibit B at 13:21-14:13; Exhibit C at 11:2-25; Exhibit D at 20:19-21:18; Exhibit E at 11:16-12:8; Exhibit F at 11:4-22; Exhibit G at 11:5-18; Exhibit H at 11:6-12:12. Only Plaintiff Thomas suggested that ILG had made any representation to him. Exhibit I at 14:9-15:14.  But, he was describing a message he received while he was taking the exam, and ILG did not supply the software applicants used to take the Georgia bar exam. Exhibit A ¶ 8.

11

not ILG. Exhibit B, Exh. 1 thereto. The Rules of the Georgia Supreme Court required this. *See* Supreme Court of Georgia Rules Governing Admission to the Practice of Law, Part B, Section 8(c) (Exhibit O hereto at 17) ("The Board shall individually notify each bar applicant whether or not he or she passed the examination as promptly as feasible.")). Each Plaintiff testified that notice of the incorrect exam score came through a portal maintained by the Office of Bar Admissions and in a form that made no mention of ILG.[6]

It may be Plaintiff's contention that his being informed of the incorrect exam score was a negligent misrepresentation that originated with ILG. However, ILG did not itself grade the bar exams or calculate exam scores. Exhibit A ¶ 17. ILG merely supplied software to the OBA. Exhibit A ¶ 7.  The members of the Board of Examiners graded the essay portion of the exam. Rules Governing Admission to Practice Law, Part B, Section 8(b) (Exhibit O at 17).

OBA processed the raw scores using the software provided by ILG. Exhibit A ¶ 17. ILG did not communicate an exam score to the Office of Bar Admission.

---

[6] Exhibit B at 11:4-12:7 and Exh. 1; Exhibit C at 7:1-8:10 and Exh. 1; Exhibit D at 9:21-10:21 and Exh. 1; Exhibit E at 6:20-7:19 and Exh. 1; Exhibit F at 8:4-18 and Exh. 1; Exhibit G at 6:9-7:10 and Exh. 15; Exhibit H at 7:12-22 and Exh. 20; Exhibit I at 6:14-7:14 and Exh. 1.

SGR/25231968.2

Exhibit A ¶ 18. And it did not communicate an exam score to Plaintiff. Exhibit B, Exhibit 1 thereto.

This is analogous to using the Office software package from Microsoft. It includes the Excel spreadsheet program and Outlook for sending messages. If the Excel spreadsheet program contains an error which leads the user to miscalculate a value, and the user sends that spreadsheet with that erroneous value to a third party using Outlook, no one would say that **Microsoft** misrepresented that value. The problem is an error in the software run by the user. Microsoft did not make a "misrepresentation" to the user or the third party.

The absence of a misrepresentation by ILG provided the basis for the court to grant summary judgment to ILG on the negligent misrepresentation claim in *Murray v. ILG Technologies, LLC*, 378 F. Supp. 3d 1227 (S.D. Ga. 2019), *aff'd*, 798 Fed. Appx. 486 (11th Cir. 2020). In that case, the court noted that a negligent misrepresentation claim "requires a showing of an affirmative misrepresentation." *Id*. at 1250 (quoting *Prince Heaton Enterprises, Inc. v. Buffalo's Franchise Concepts, Inc.*, 117 F. Supp. 2d 1357, 1360-61 (N. D. Ga. 2000)). The *Murray* court rejected the argument that ILG"s contractual representations to the Office of Bar Admissions could provide a basis for a negligent misrepresentation claim because there was no evidence that the *Murray* plaintiffs were aware of the

13

contract and its terms prior to receiving incorrect exam results. *Id*. at 1251. In addition, as in this case, all of the communications about exam scores to the plaintiffs were from the OBA, not ILG. *Id.* The court also rejected, as legally unsupported, the argument that ILG could be liable because the "software itself" allegedly made a misrepresentation. *Id.* The court granted summary judgment to ILG on the negligent misrepresentation claim because the record demonstrated that ILG had not made any representations to the Murray plaintiffs. *Id.*

The record in this case is identical to the record in the *Murray* case. ILG's contract cannot form the basis of a negligent misrepresentation claim because none of these Plaintiffs were even aware of the existence of ILG prior to learning of the grading error. Further, the communications each Plaintiff received about exam results were from the OBA, not ILG.

Plaintiff attempts to squeeze his claim to fit into the form of a negligent misrepresentation claim  But, it does not work.  ILG made no misrepresentation to any Plaintiff or the OBA.

**3.** **Plaintiff's Alleged Injuries Did Not Result from Reliance on Any Misstatement by ILG**

Plaintiff's claim also fails because his claimed injuries did not result from his actual reliance on a misrepresentation. Under Georgia law, the tort of negligent misrepresentation includes as an element that the plaintiff reasonably

14

relied upon the false information provided by the defendant. *Foothills Pharm., Inc.*, 313 Ga. App. at 631, 722 S.E.2d at 332. Essential to any claim of negligent misrepresentation is proof that a plaintiff "*actually* and justifiably relied" on the representation forming the basis of his or her claim. *Bithoney v. Fulton-DeKalb Hosp. Auth.*, 313 Ga. App. 335, 344, 721 S.E.2d 577, 583 (2011).

Georgia law defines reliance as "to induce someone to act or to forbear from acting." *UWork.com, Inc. v. Paragon Tech., Inc.,* 321 Ga. App. 584, 599, 740 S.E.2d 887, 898 (2013). To have a negligent misrepresentation claim, the plaintiff must have suffered a loss as a consequence of choosing to take a step or declining to take a step in response to the alleged misrepresentation.

Plaintiff's alleged loss of income, emotional distress and injury to his reputation resulted from the alleged negligent calculation of his bar exam score, not from his choosing to act or not act in response to any statement about those scores. Therefore, Plaintiff's negligent misrepresentation claim fails as a matter of law because Plaintiff's alleged injures did not result from his alleged reliance on a statement by ILG. *See UWork.com, Inc.*, 321 Ga. App. at 600, 740 S.E.2d at 899 (affirming summary judgment on negligent misrepresentation claim because of a failure to establish plaintiff's acting in reliance).

In partially denying ILG's motion to dismiss, this Court concluded that a

plaintiff might be able to establish reliance to the extent that he or she took a subsequent bar exam after being informed that they had failed. However, that approach does not correctly analyze the causation element. A plaintiff here took a subsequent bar exam not merely as a voluntary response to a representation about his or her exam score. Rather, that plaintiff took the subsequent exam because the Board of Examiners refused to admit them to the practice of law. If somehow reporting the incorrect score could be deemed a representation by ILG, the party that acted in reliance was the Board of Examiners, not plaintiffs. Plaintiff Palmer's actions were a response to the actions of the Board of Examiners, not a response to ILG's representation. The cost of studying for and taking subsequent bar exams was not caused by a misrepresentation by ILG.

**C.**   **Palmer's Negligent Undertaking Claim Fails as a Matter of Law**

Unlike the other Plaintiffs, Plaintiff Palmer's negligent undertaking claim partially survived a motion to dismiss. (Doc. 22 at 9-13). Section 324A of the Restatement (Second) of Torts, commonly referred to as the "good samaritan" rule, provides for liability in only three specific circumstances. *Boyce v. Gregory Poole Equip. Co.*, 269 Ga. App. 891, 896, 605 S.E.2d 384, 389 (2004).

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise

16

reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Section 324A of the Restatement (Second) of Torts.

In partially denying ILG's motion to dismiss, the Court cited to comment b to Section 324A. (Doc. 22 at 12-13). But, the Georgia Court of Appeals has rejected the notion that liability can be based on Comment b. *Goodhart v. Atlanta Gas Light Company*, 349 Ga. App. 65, 74, 825 S.E.2d 465, 472 (2019). Rather, Plaintiff Palmer "must establish that one of the three subsections of Section 324A applies to this case" to bring a cause of action under the good samaritan rule. *Id*. Plaintiff Palmer cannot fit his claim within any of the three subsections of Section 324A.

First, Plaintiff has not alleged that ILG made a nonhazaradous condition hazardous, as required by Section 324A(a). *Argonaut Ins. Co. v. Clark*, 154 Ga. App. 183, 185, 267 S.E.2d 797, 799 (1980). Further, the Georgia Supreme Court has explained that "the mere failure to abate a hazardous condition – without making it worse – does not trigger the application of Section 324A(a)." *Herrington v. Deloris Gauldern*, 294 Ga. 285, 288, 751 S.E.2d 813, 816 (2013). ILG provided software to OBA that had worked without a problem through multiple bar

17

exams. Exhibit A ¶ 9. By providing software, ILG did not make hazardous a previously nonhazardous condition.

Second, Plaintiff did not allege that ILG's undertaking was intended as a complete substitute for that of the OBA or the Georgia Board of Bar Examiners, as required for a claim under Section 324A(b). *Taylor v. AmericasMart Real Estate*, 287 Ga. App. 555, 559, 651 S.E.2d 754, 758 (2007) (explaining that the application of subparagraph (b) is limited "to those situations where the alleged tortfeasor's performance is to be substituted completely for that of the party on whose behalf the undertaking is carried out."); *Boyd v. Big Lots Stores, Inc.*, 347 Ga. App. 140, 146, 817 S.E.2d 698, 703 (2018). Here, the Board of Examiners graded the exam essay, the OBA calculated the grades, and OBA communicated the exam scores to the applicants. ILG performed no data entry and did not calculate any scores. *Supra*, p. 4-5. ILG did nothing that completely substituted for the performance of OBA. OBA remained responsible for calculating grades.

Third, Section 324A also recognizes liability when a third person suffers a "physical injury" as a consequence a party's negligent performance of an "undertaking" when "the harm is suffered because of reliance of the other or the third person upon the undertaking." This Court previously concluded that Plaintiff Palmer had stated a claim for "negligent undertaking" under

18

Restatement (Second) of Torts § 324A(c) to the extent that he claimed to have

relied upon ILG's "undertaking" to provide OBA with software and had suffered

"physical injuries" as a consequence of studying for a subsequent bar exam.

(Doc. 22 at 9-13). But, for two reasons, that claim cannot survive summary

judgment.

### 1.   <u>Palmer has no evidence that he relied on ILG's undertaking</u>

Plaintiff Palmer could not have relied upon ILG's alleged "undertaking" to

provide software to OBA because he was unaware of that undertaking. *BP*

*Exploration & Oil, Inc. v. Jones,* 252 Ga. App. 824, 830, 558 S.E.2d 398, 406 (2001)

(subsection (c) "requires proof of actual reliance" on the undertaking); *Hutcherson*

*v. Progressive Corp.,* 984 F.2d 1152, 1157 (11th Cir. 1993) (per curiam) ("Georgia

law requires that reliance be shown by a change in position."). *See also Maier v.*

*Green Eyes USA, Inc.,* 845 Fed. Appx. 869, 877 (2021) (affirming summary

judgment on claim under Section 324A(c), citing *Phillips v. Liberty Mut. Ins. Co.,*

813 F.2d 1173, 1175 (11th Cir. 1987)).

Plaintiff Palmer was unaware of the existence of ILG until he learned of

the exam grading error in September 2016. Exhibit F at 10:20-22, 19:12-14. There

is no evidence that he was aware of the ILG contract with OBA or aware of what

ILG had agreed to do for OBA under that contract. Plaintiff Palmer could not

SGR/25231968.2

have relied upon ILG's undertaking when he was unaware of both ILG and its

"undertaking."

### 2. Palmer's alleged injuries were not a result of a decision by Palmer or OBA to forego other remedies or not take precautions

Liability under Section 324A(c) contemplates a particular form of reliance:

> The actor is also subject to liability to a third person where the harm is suffered because of the reliance of the other for whom he undertakes to render the services, or of the third person himself, upon his undertaking. This is true whether or not the negligence of the actor has created any new risk or increased an existing one. **Where the reliance of the other, or of the third person, has induced him to forgo other remedies or precautions against such a risk, the harm results from the negligence as fully as if the actor had created the risk.**

Restatement (Second) of Torts § 324A, comment e (emphasis added). *See Glover v. Georgia Power Co.*, 347 Ga. App. 372, 379, 819 S.E.2d 660, 665 (2018) (affirming summary judgment for defendant; "The type of reliance contemplated by Section 324A(c) is explained" in comment e.). Plaintiff Palmer merely took an additional bar exam because the Board of Examiners would not admit him to the practice of law in Georgia. Plaintiff Palmer did not "forgo any remedies or precautions."

For the same reason, Plaintiff cannot base a claim on OBA's allegedly having relied on ILG's undertaking. Plaintiff may contend that OBA relied upon ILG to properly design the software. But, to establish liability under Section

20

324A(c), Plaintiff would need evidence that OBA's reliance led it to "forego other remedies or precautions." Plaintiff has no evidence of such reliance.

### D.    **Plaintiff's Strict Product Liability Claim Fails**

"In Georgia, only semantics distinguishes the cause of action for negligence and a cause of action pursuant to O.C.G.A. § 51-1-11 (claiming liability for defective design)." *Davis v. John Crane, Inc.*, 353 Ga App. 243, 249, 836 S.E.2d 577, 583 (2019). As is discussed above, Plaintiff cannot establish negligence. For the same reasons, he also cannot establish that a product defect caused his alleged injury.

"Plaintiff must proffer direct, competent evidence of the existence of a design or manufacturing defect to survive summary judgment." *Meade v. Ford Motor Co.*, 2011 WL 4402539, *2 (N.D. Ga. Sept. 20, 2011). "[L]iability for a defective design attaches only when the plaintiff proves that the seller failed to adopt a reasonable, safer design that would have reduced the foreseeable risks of harm presented by the product." *Banks v. ICI Americas, Inc.*, 264 Ga. 732, 736 n.4, 450 S.E.2d 671, 674 n.4 (1994) (internal quotation omitted). "The question of a negligent or defective design need not always be decided by the jury. The burden is on the plaintiff to present evidence that the manufacturer acted negligently, by showing the risks inherent in the product's design outweigh the utility or benefit

21

from the product." *Ogletree v. Navistar Int'l Transp. Corp.*, 236 Ga. App. 89, 91-92, 511 S.E.2d 204, 207 (1999)

Plaintiff cannot prove a defective design or manufacturing error in the software without presenting expert testimony. *Bailey*, 350 F. Supp. 2d at 1045. If Plaintiff's experts are excluded, his product defect claim necessarily fails.

Even if Plaintiff's experts can offer their opinions, those opinions are inadequate to establish that a product defect caused Plaintiff's alleged injury. Neither expert would testify to the existence of an identifiable defect in the software that caused Plaintiff's injury.

Mr. Reilley criticizes the design process for ILG's software, but he offers no testimony identifying on alleged defect in the software that caused an erroneous grade calculation. Exhibit L at 18:22-24 (he never identified an error in the code), at 43:15 ("I don't know what problems there were."). Therefore, he has not identified any defect as the cause of the grading error.

Ms. Collum, who has never seen the ILG software and has no programming experience, contends that the software should have had a "fail safe" to prevent an operator from taking in the wrong order the steps for calculating grades in the wrong order. However, Ms. Collum never opines that the grading error at issue was caused by someone performing the steps for

22

calculating grades in the wrong order. She has no opinion about what caused the grading error. She said only that the problem "could have been a software issue" and she agreed with the statement that she did not know if the problem was a software bug or that steps were not performed in the proper order. Exhibit M at 39:12 - 40:15, 51:4-8.

Without an opinion on the cause of the grading error, Plaintiff's experts cannot testify to the risk created by the existing software, show the risks and benefits of any modification of the software, exclude alternative causes of the grading error, or show that any proposed fix would have prevented what occurred. Plaintiff has failed to meet his burden. *See Wheat v. Sofamor, S.N.C.*, 46 F. Supp. 2d 1351, 1362 (N.D. Ga. 1999) (summary judgment for defendant on strict product liability claim when "there is no reliable evidence of a defect and no reliable evidence that any alleged defect caused an injury").

**E.      Plaintiff's Claim for Attorney's Fees Fails Because His Other Claims Fail**

Plaintiff cannot succeed on his claim for attorney's fees without any viable substantive claims. Plaintiff's count for attorney's fees is based on O.C.G.A. § 13-6-11. Under that statute, a plaintiff "must prevail on their basic cause of action in order to obtain litigation expenses." *Ellis v. Gallof*, 220 Ga. App. 518, 519, 469 S.E.2d 288, 289 (1996). Plaintiff here does not have any viable claims remaining

SGR/25231968.2

and cannot, therefore, be the prevailing party entitled to attorney's fees.

Accordingly, ILG should receive judgment in its favor on Plaintiff's claim for

attorney's fees.

## III.   CONCLUSION

Defendant ILG Technologies, LLC respectfully asks that this Court grant

summary judgment to Defendant on Plaintiff's remaining claims.

Respectfully submitted,

*/s/ Edward H. Wasmuth, Jr.*
Edward H. Wasmuth, Jr.
Georgia Bar No. 739636
Sasha N. Greenberg
Georgia Bar No. 497615
Attorneys for Defendant
ILG Technologies, LLC d/b/a
ILG Information Technologies

SMITH, GAMBRELL & RUSSELL, LLP
1230 Peachtree Street, N.E., Suite 3100
Atlanta, Georgia 30309-3592
(404) 815-3500
(404) 815-3509
ewasmuth@sgrlaw.com
sgreenberg@sgrlaw.com

24

## **LR 7.1 CERTIFICATE**

Pursuant to LR 7.1D, counsel certifies that the foregoing complies with the font and point selections approved by the Court in LR 5.1B. This document was prepared using Book Antiqua 13-point font.

*/s/ Edward H. Wasmuth, Jr.*
Edward H. Wasmuth, Jr.

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** by means of the Court's CM/ECF system upon all counsel of record who have registered with that system:

> Brent J. Savage, Esq.
> Zachary Sprouse, Esq.
> Sophia Karnegis, Esq.
> 102 East Liberty Street
> 8th Floor
> Savannah, GA 31401

This 15th day of July, 2021.

*/s/ Edward H. Wasmuth, Jr.*
Edward H. Wasmuth, Jr.

SGR/25231968.2