IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOSHUA PALMER,

    Plaintiff,

    v.

ILG TECHNOLOGIES, LLC
doing business as
ILG Information Technologies,

    Defendant.

CIVIL ACTION FILE
NO. 1:20-CV-4866-TWT

## OPINION AND ORDER

This is a negligence action. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 27] and the Defendant's Motion in Limine [Doc. 25]. For the reasons set forth below, the Defendant's Motion for Summary Judgment [Doc. 27] is GRANTED and the Defendant's Motion in Limine [Doc. 25] is DENIED as moot.

### I.  Background

This case, like many others before this Court, arises out of the July 2015 administration of the Georgia Bar Exam ("the Exam"). As summarized in this Court's May 25, 2021 Order, the Plaintiff, Joshua Palmer, is an examinee who took the Exam in July 2015 and was erroneously informed that he failed. *See Palmer v. ILG Techs., LLC*, Civ. A. No. 1:20-cv-4866, 2021 WL 3362740, at *1

(N.D. Ga. May 25, 2021). After undertaking efforts to retake the Exam and suffering a variety of alleged personal, professional, and financial injuries, the Plaintiff was informed that he had in fact passed his first attempt. *Id.* He filed suit against the Defendant, ILG Technologies, LLC ("ILG"), a technology vendor who provided the Georgia Office of Bar Admissions ("OBA") and the Georgia Board of Bar Examiners ("GBBE") with software to assist with grading the Exam and notifying examinees of their results. *Id.* The Plaintiff brought a variety of claims: negligence, negligent misrepresentation, breach of contract, strict liability, negligent design, and attorneys' fees. *Id.* Significantly, unlike other examinees who brought similar claims against the Defendant, the Plaintiff here alleged certain physical injuries resulting from his additional studying. *Id.* These injuries included carpal tunnel and pain in his back and elbow. *Id.* In its May 25, 2021 Order, the Court dismissed the Plaintiff's breach of contract and negligent design claims, allowing the Plaintiff to proceed on his negligence, negligent misrepresentation, strict liability, and attorneys' fees claims. *Id.* at *4–8. The Defendant now seeks summary judgment on these remaining claims.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and draw any

inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### III.   Discussion

Before addressing the merits of the Defendant's Motion for Summary Judgment, the Court must address the Plaintiff's briefing in this case. The Parties' counsel in this case are simultaneously litigating numerous similar cases before the Court. The Defendant moved for summary judgment in all of these cases simultaneously, and the briefing schedule for these motions proceeded contemporaneously. The briefing for the Plaintiff's fellow examinees was largely identical, as the Court had dismissed all but one of their substantive tort claims. *See Heath v. ILG Techs., LLC*, Civ. A. No. 1:20-cv-3130, at *13 (N.D. Ga. Nov. 24, 2020). However, as referenced above, the Plaintiff's case was unique among his fellow examinees given his allegations of certain physical injuries. As a result, three of the Plaintiff's claims survived the Defendant's Motion to Dismiss. *See Palmer*, 2021 WL 3362740, at *8. In the Defendant's Brief supporting its Motion for Summary Judgment, the Defendant seeks judgment as a matter of law on all of the

Plaintiff's pending claims. (Def.'s Br. in Supp. of Def.'s Mot. for Summ. J., at 5–24.) However, the Plaintiff's Opposition Brief only responds to the Defendant's negligent misrepresentation arguments. (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 3–16.) In this way, the Plaintiff's Brief closely resembles that of his fellow examinees, who only had their negligent misrepresentation claims remaining.

This Court has routinely deemed certain claims abandoned when a party fails to address an argument or claim in an opposing party's motion. *See, e.g.*, *Kramer v. Gwinnett Cty., Ga.*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. Mar. 5, 2004) ("Having failed to respond to many of Defendants' arguments and having defended only his Section 1983 claim for deliberate indifference to a serious medical need, Plaintiff is found to have abandoned all other asserted claims."). The Eleventh Circuit has upheld these decisions. *See, e.g.*, *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (affirming lower court determination that a failure to respond to a defendant's summary judgment arguments against a claim indicates that claim is abandoned). Here, the Plaintiff failed to address the Defendant's arguments that it is entitled to summary judgment as to the Plaintiff's negligence and strict liability claims. The Defendant's arguments are supported by relevant law, and without a response, the Court is without a reason to deny the Defendant's motion. As the Eleventh Circuit has noted:

> There is no burden upon the district court to distill every potential

>argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.

*Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (internal citations omitted). As a result, the Court deems the Plaintiff's negligence and strict liability claims abandoned, and the Defendant's Motion for Summary Judgment is granted as to these claims.

The Court now moves to the Plaintiff's remaining substantive claim: negligent misrepresentation. Under Georgia law, a claim for negligent misrepresentation rests on three essential elements: "(1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance." *Martin v. Chasteen*, 354 Ga. App. 518, 522 (2020) (internal quotation marks omitted). The Defendant raises several arguments as to why the Plaintiff's negligent misrepresentation claim fails as a matter of law. In particular, the Defendant argues it made no affirmative misrepresentation to the Plaintiff, as the OBA "processed the raw scores using software provided by" the Defendant, and it did not communicate any scores to either the OBA or the Plaintiff. (Def.'s Br. in Supp of Def.'s Mot. for Summ. J., at 12–13.) In response, the Plaintiff identifies two alleged misrepresentations made by the Defendant: that the Defendant would "provide accurate results" in accordance with its contract

with the OBA; and that the Plaintiff failed the test. (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 12.) However, the Plaintiff does not dispute the Defendant's contention that it performed no data entry and did not itself grade the Exams. (Pl.'s Response to Def.'s Statement of Undisputed Material Facts in Supp. of Def.'s Mot. for Summ. J. ¶ 5.) Nor does the Plaintiff provide sufficient evidence indicating any misrepresentation made by the Defendant to the OBA or the Plaintiff. As a result, the Plaintiff has failed to demonstrate any genuine issue of material fact with regards to the first element of a negligent misrepresentation claim, and his claim fails as a matter of law.

The *sine qua non* of a negligent misrepresentation claim is the "supply of false information." *Martin*, 354 Ga. App. at 522; *see also Global Payments, Inc. v. InComm Fin. Svcs., Inc.*, 308 Ga. 842, 845 (2020) ("Liability for a negligent representation attaches when a defendant makes a false representation upon which the plaintiff relies."). However, the Plaintiff has not identified any false information supplied by the Defendant. At all relevant times, the undisputed facts indicate that the Defendant "did not perform any data entry related to the processing of Georgia bar exam results" and "did not calculate bar exam scores." (Def.'s Statement of Undisputed Material Facts in Supp. of Def.'s Mot. for Summ. J. ¶ 6.) Further, the Defendant "never communicated bar exam results" to the OBA. (*Id.* ¶ 7.) Though the Plaintiff did not dispute the above facts, he claims in his briefs—without supporting evidence—that the Defendant "represented to OBA that [the Plaintiff] failed

6

the test." (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 12.) Local Rule 56.1(B)(2)(a)(2) notes that a responding party's failure to object to or refute a movant's facts will result in that fact being admitted. The Plaintiff did not object to or refute the above facts. Thus, the Defendant's claimed facts are admitted, and the Plaintiff's arguments to the contrary in his briefs are disregarded. As a result, the Court finds that the Defendant had no role in the generation and communication of the erroneous Exam results beyond its provision of software to the OBA.

Without any facts indicating the Defendant's role in creating or communicating the erroneous scores, the Plaintiff relies on two other claimed misrepresentations to support his claims. First, the Plaintiff contends that the Defendant "represented to OBA that it will provide accurate results." (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 12.) However, the Plaintiff fails to cite to any contractual language making such a guarantee, instead making a conclusory argument that the Defendant's promise to provide its software used to facilitate bar admission also guaranteed all results generated by the users would be accurate. (*Id.*) Without any contractual language supporting such a warranty, the Plaintiff's argument fails. Second, the Plaintiff claims that the Defendant "represented to OBA that the Plaintiff failed the test." (*Id.*) But this contention flies in the face of the undisputed fact that the Defendant never communicated scores to the OBA. As a result, this argument is disregarded, and both of the claimed misrepresentations fail to support the Plaintiff's

7

negligent misrepresentation claims.

The Plaintiff further argues—again, without testimonial or documentary evidence—that "there is a genuine issue of fact as to Defendant ILG's role in the supply of this false information[.]" (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 13.) In essence, the Plaintiff appears to argue that because the Defendant's software generated the results, a question of fact exists as to its role in supplying false information. (*Id.* at 4, 13.) The Plaintiff correctly notes that the Defendant could be held liable even if the Defendant supplied only the OBA with false information. (*Id.* at 11, 13.) However, the Defendant here provided the OBA with software, not false information. The Defendant gave the OBA the software, and the OBA then created the false information using that software. Just as a failing math student cannot blame his calculator for his poor grades, the Plaintiff cannot hold the Defendant liable for erroneous results based off of the data input by the OBA. Even if the Defendant was deemed to have played some role in the supply of the erroneous Exam scores, liability for negligent misrepresentation would not attach for information not created by the Defendant absent some representation "that the false information was legitimate, accurate, or trustworthy." *Global Payments, Inc.*, 308 Ga. at 845. While the Plaintiff identifies the Defendant's claim that the software operated as a "complete, customized, turn-key system of enterprise software for digitizing and electronically administering the entire bar admission process[,]" the Plaintiff does not identify any representation that

8

the scores calculated by the OBA using the software would be legitimate, trustworthy, and accurate. (Def.'s Mot. for Summ. J., Ex. 4, at 3.) Thus, under Georgia law, the Plaintiff has failed to identify false information created or supplied by the Defendant to foreseeable persons, and the Plaintiff's claim fails as a matter of law.

As a result of the analysis above, the Court does not reach the Plaintiff's arguments that the Defendant's supply of false information was negligent. Because this alleged negligence was the focus of the Plaintiff's proffered expert testimony, the Court denies the Defendant's Motion in Limine seeking to exclude these experts as moot. Finally, with no substantive claims remaining, the Plaintiff's claim for attorneys' fees under O.C.G.A. § 13-6-11 fails, as well. *See Perkins v. Thrasher*, 701 F. App'x 887, 891 (11th Cir. 2017) (noting that claims under O.C.G.A. § 13-6-11 "are derivative of Georgia tort law claims and thus require an underlying claim").

### IV.   Conclusion

For the reasons set forth above, the Defendant's Motion for Summary Judgment [Doc. 27] is GRANTED and the Defendant's Motion in Limine [Doc. 25] is DENIED as moot. The Clerk is DIRECTED to close this case.

SO ORDERED, this 22 day of September, 2021.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge